| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL III | | |
| ISRAEL J. MARTÍNEZ CRUZ<br><br>Recurrente<br><br>v.<br><br>MUNICIPIO DE SAN JUAN<br><br>Recurrido | KLRA202400145 | Recurso de Revisión Administrativa<br><br>2024CA 00125<br>Caso Núm. 2016-10-0516<br><br>Materia: COMISIÓN APELATIVA DEL SERVICIO PÚBLICO<br><br>Asunto: Aplicación Reglamento Municipio De San Juan Reclasificación De Puestos Y Salarios; Discrimen, Y Daños Y Perjuicios |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 28 de mayo de 2024.

Comparece Israel J. Martínez Cruz (en adelante, "señor Martínez Cruz" o "Recurrente") mediante *Recurso de Revisión Administrativa* y solicita que revisemos una *Resolución* dictada y notificada el 20 de febrero de 2023 por la Comisión Apelativa del Servicio Público (en adelante, "CASP"). Mediante el referido dictamen, la CASP adoptó el *Informe de la Oficial Examinadora* y declaró No Ha Lugar la apelación presentada por el recurrente.

Por los fundamentos que expondremos a continuación, se *Modifica* la *Resolución* recurrida, a los únicos fines de aclarar que, de conformidad con la Ley 115-1991, el TPI es el foro con jurisdicción exclusiva para resolver cualquier controversia que surja al amparo del referido estatuto y, así modificada se *Confirma.*

## I.

El señor Martínez Cruz ha ocupado el puesto de Supervisor en el Servicio de Carrera del Municipio de San Juan (en adelante, "Municipio" o "Recurrido") desde el 2007. Posteriormente, mediante carta fechada el 30 de junio de 2014, la Subadministradora Municipal del Departamento de Operaciones y Ornato, la Ing. María A. Burgos Figueroa, le informó al recurrente que pasaría a laborar en el Casco Urbano de Santurce, efectivo el 6 de agosto de 2014. A su vez, el 20 de agosto de 2014, la Subadministradora le informó que, a partir del 21 de agosto de 2014, estaría a cargo del Casco Urbano de Santurce, con todos los deberes y responsabilidades que ello conllevaba.

El 27 de abril de 2015, el recurrente le solicitó a la Subadministradora la reclasificación del puesto de Supervisor al de Gerente de Centro Urbano.

El 15 de junio de 2015, el señor Martínez Cruz, nuevamente, le solicitó a la Subadministradora la reclasificación. Once (11) meses después, el 6 de mayo de 2016, el recurrente le solicitó a la Subadministradora una reunión para discutir sus solicitudes de reclasificación.

El 10 de mayo de 2016, el Director de Cascos Urbanos, José J. Alejandro, informó a todos los supervisores de cascos urbanos que, por instrucciones de la Subadministradora, deberían registrar su asistencia en el reloj ponchador cuatro (4) veces al día. En respuesta, el 11 de mayo de 2016, el señor Martínez Cruz le remitió una misiva a la Subadministradora. En la misma, el recurrente expresó que, conforme a un comunicado del 28 de marzo de 2016, emitido por la Directora de Recursos Humanos, la Lcda. Marta Vera Ramírez, los empleados exentos y de brigadas registrarían sus asistencias dos (2) veces al día y, por lo tanto, no le aplicaba la directriz impartida el día anterior.

Luego, el 3 de junio de 2016, el recurrente le presentó una carta a la Directora de la Oficina de Recursos Humanos. Mediante esta, solicitó la reclasificación de su puesto a Gerente de Centro Urbano, retroactivo a la fecha en que comenzó a realizar las funciones de dicha clase de puesto.

El señor Martínez Cruz presentó dos (2) querellas el 28 de junio de 2016 ante la Oficina de Administración de Recursos Humanos y Relaciones Laborales del Municipio sobre alegadas represalias por parte de sus supervisores y la solicitud de reclasificación de puesto. Sobre las represalias, el recurrente alegó que estar obligado a registrar su asistencia cuatro (4) veces al día era arbitrario.

El 10 de agosto de 2016, la Directora de Recursos Humanos le cursó una misiva al recurrente en la que informó que se encontraban en proceso de evaluar las funciones que realizaban los empleados del Municipio, por lo cual, sus funciones estaban siendo evaluadas. Además, le orientó sobre el procedimiento de reclasificación establecido en el Código de Administración de Asuntos de Personal del Municipio y le indicó que cualquier solicitud de reclasificación debía ser canalizada a través de la Oficina de Personal de su departamento.

El 16 de agosto de 2016, el señor Martínez Cruz le solicitó por escrito a la entonces alcaldesa, Carmen Y. Cruz Soto, la reclasificación de su puesto y denunció el alegado discrimen por represalias en su contra.

Así las cosas, el 17 de octubre de 2016, el señor Martínez Cruz presentó ante la CASP una *Solicitud de Apelación (Por Derecho Propio) Reclamación de Represalia con Solicitud de Daños y Perjuicios* al amparo de la Ley 115-1991, 29 LPRA sec. 194 *et seq.* El recurrente sostuvo que, desde que solicitó la reclasificación, había sido objeto de un patrón de represalias, persecución y hostigamiento

laboral. Por tanto, solicitó como remedio la reclasificación de Supervisor a Gerente de Centro Urbano, retribución, pago de manera retroactiva y una compensación económica de $1,000,000.00.

Luego de varios trámites procesales, que no son necesarios pormenorizar, el 15 de diciembre de 2020, el Municipio presentó una *Moción de Desestimación.* En lo aquí pertinente, el recurrido adujo que la CASP no tenía jurisdicción para atender las reclamaciones por discrimen porque el recurrente no detalló en forma clara los hechos específicos que dieron margen a su alegación, conforme dispone el *Reglamento para atender apelaciones de discrimen con solicitud de daños y perjuicios ante la Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público,* Reglamento Núm. 7200 (en adelante, "Reglamento Núm. 7200"). Además, adujo que la Ley 115-1991, *supra,* no era de aplicación, ya que el recurrente no había participado en una de las actividades protegidas por el estatuto.

El 26 de enero de 2023, el Municipio presentó una *Moción Reiterando Solicitud de Desestimación* en la cual impugnó la falta de jurisdicción de la CASP para dirimir una acción de represalia al amparo de la Ley 115-1991, *supra.* El recurrido arguyó que el referido estatuto le otorga jurisdicción exclusiva al Tribunal de Primera Instancia, privando así de jurisdicción a los foros administrativos.

El 28 de febrero de 2023, se celebró una Vista Pública ante la Oficial Examinadora. El señor Martínez Cruz presentó como testigo al señor Luis Ramos Rivera , quien previamente ocupó el puesto de Gerente de Centro Urbano. En cambio, el Municipio presentó el testimonio de la señora Beatriz Meléndez Malcolm, Analista de Recursos Humanos en la Unidad de Clasificación de la Oficina de

Administración de Recursos Humanos y Relaciones Laborales del Municipio.

El 4 de diciembre de 2023, la Oficial Examinadora emitió el *Informe de la Oficial Examinadora* en el cual realizó un total de veintiséis (26) determinaciones de hechos.

Respecto a las solicitudes de desestimación por falta de jurisdicción instadas por el Municipio, la Oficial Examinadora resolvió que la CASP tenía jurisdicción concurrente con los Tribunales para dirimir las alegaciones de represalias del recurrente instadas al amparo de la Ley Núm. 115-1991, *supra.* De igual manera, señaló que el Artículo II, Sección 2.2 del Reglamento Núm. 7200 establece que, cuando se reclama una compensación por daños y perjuicios, la solicitud debe especificar la cuantía reclamada, el concepto de distintas partidas y debe presentar los documentos que sustenten dicha cuantía. Así las cosas, sostuvo que el recurrente no especificó el concepto de las distintas partidas, y como resultado, concluyó que el foro no tenía jurisdicción sobre el reclamo de daños y perjuicios.

Por otro lado, concluyó que, el recurrente no solicitó la reclasificación adecuadamente y que, de haberla solicitado de manera correcta, no procedía porque no cumplía con la preparación académica mínima que requería el puesto. Además, sostuvo que, el señor Martínez Cruz no evidenció haber sufrido discrimen por represalias, al amparo de la Ley 115-1991, *supra.*

Finalmente, el 20 de febrero de 2024, la CASP dictaminó una *Resolución* mediante la cual acogió en su totalidad el *Informe de la Oficial Examinadora* y declaró No Ha Lugar la apelación.

Inconforme, el 21 de marzo de 2024, el señor Martínez Cruz presentó ante esta Curia un *Recurso de Revisión Administrativa.* El recurrente realizó los siguientes señalamientos de error:

**Erró la CASP, al concluir que recurrente no siguió el procedimiento establecido para solicitar la reclasificación del puesto de Gerente de Centro Urbano. El así actuar por parte de la CASP, concluye que el recurso de apelación fue presentado de manera prematura, penalizando así al recurrido.**

**Erró la CASP, al concluir que el recurrente no solicitó el diferencial por haber realizado funciones como Gerente de Centro Urbano. El así actuar por parte de la CASP, penaliza así al recurrido cuando fue presentado en su apelación por derecho propio.**

**Erró la CASP, al concluir que el recurrente no había sido víctima de represalias por parte de sus supervisores y haber actuado de manera arbitraria en las determinaciones de discrimen contra el recurrente a pesar de todas las solicitudes y reclamos para su reclasificación al puesto de Supervisor la cual fungió por más de (3) [*sic*] años y recibió Reconocimientos y Certificaciones; y quien sufrió daños y perjuicios.**

**Erró la CASP, al concluir que el recurrente no había cumplido con los parámetros del puesto que ocupaba donde realizó todas las funciones requeridas con excepción del grado universitario y claramente un abuso por parte del recurrido al colocar alegadamente a personas no preparadas y economizarse los salarios que genera el puesto que ocupó como Supervisor causando un claro menosprecio al recurrente.**

El 17 de abril de 2024, el Municipio presentó su *Alegato en Oposición a Recurso de Revisión Administrativa*. En síntesis, el Municipio sostuvo la corrección de la *Resolución* recurrida. No obstante, impugnó la determinación de la CASP al asumir jurisdicción sobre una reclamación al amparo de la Ley 115-1991, *supra*.

Perfeccionado el recurso y con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**-A-**

La Sección 4.1 de la Ley Núm. 38-2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9671, dispone que las decisiones administrativas pueden

ser revisadas por el Tribunal de Apelaciones. La finalidad de esta disposición es delimitar la discreción de los organismos administrativos para asegurar que estos ejerzan sus funciones conforme a la ley y de forma razonable. *Andrea Hernández Feliciano v. Municipio de Quebradillas,* 2023 TSPR 6, resuelto el 20 de enero de 2023. Es norma reiterada que, al revisar las determinaciones de los organismos administrativos, los tribunales apelativos le conceden gran consideración y deferencia, por la experiencia y el conocimiento especializado que estos poseen. *Íd.*

Por su parte, la Sección 4.5 de la LPAU, 3 LPRA sec. 9675, establece que los tribunales deben sostener las determinaciones de hechos de las agencias si están basadas en "evidencia sustancial que obra en el expediente administrativo". Como vemos, la norma anterior nunca ha pretendido ser absoluta. Por eso, el Tribunal Supremo ha resuelto con igual firmeza que, los tribunales no podemos imprimirle un sello de corrección, so pretexto de deferencia, a las determinaciones o interpretaciones administrativas irrazonables, ilegales, o simplemente contrarias a derecho. *Super Asphalt v. AFI y otro*, 206 DPR 803 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117 (2019).

Por otro lado, la citada Sección 4.5 de la LPAU, *supra*, dispone que "[l]as conclusiones de derecho serán revisables en todos sus aspectos por el tribunal". Aun así, se sustituirá el criterio de la agencia cuando no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo. *Rolón Martínez v. Superintendente*, 201 DPR 26 (2018). Por ende, "los tribunales deben darle peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra". *Íd.* Lo anterior responde a la vasta experiencia y al conocimiento especializado que tienen las agencias sobre los asuntos que le son encomendados. *Capó Cruz v. Junta de Planificación,* 204 DPR 581 (2020).

Por consiguiente, dada la presunción de corrección y regularidad que reviste a las determinaciones de hecho elaboradas por las agencias administrativas, éstas deben ser respetadas mientras la parte que las impugna no produzca evidencia suficiente para derrotarlas. *Graciani Rodríguez v. Garaje Isla Verde*, supra. Al revisar las decisiones de las agencias, el criterio rector que debe guiar a los tribunales es la razonabilidad de la actuación, aunque esta no tiene que ser la única o la más razonable. *Andrea Hernández Feliciano v. Municipio de Quebradillas,* supra.

Por lo tanto, si al momento de examinar un dictamen administrativo se determina que: (1) la decisión administrativa no está basada en evidencia sustancial; (2) la agencia erró en la aplicación de la ley; (3) el organismo administrativo actuó de manera irrazonable, arbitraria o ilegalmente; o (4) su actuación lesiona derechos constitucionales fundamentales, entonces la deferencia hacia los procedimientos administrativos cede. *Íd.*

Acorde con lo antes expuesto, la revisión judicial de los dictámenes administrativos está limitada a determinar si hay evidencia sustancial en el expediente para sostener la conclusión de la agencia o si esta actuó de forma arbitraria, caprichosa o ilegal. *Íd.* Por tanto, si una parte afectada por un dictamen administrativo impugna las determinaciones de hecho, esta tiene la obligación de derrotar, con suficiente evidencia, que la decisión del ente administrativo no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración. *Capó Cruz v. Junta de Planificación, supra; Rebollo v. Yiyi Motors,* 161 DPR 69, 77 (2004). De no identificarse y demostrarse esa otra prueba en el expediente administrativo, las determinaciones de hechos deben sostenerse por el tribunal revisor, pues el recurrente no ha logrado rebatir la presunción de corrección o legalidad. *O.E.G. v. Rodríguez,* 159 DPR 98, 118 (2003).

**-B-**

En virtud de la Ley Núm. 182-2009, 3 LPRA sec. 8821 *et seq.,* se creó el Plan de Reorganización Núm. 2 de 26 de julio de 2010 (en adelante, "Plan de Reorganización") que, a su vez, estableció la CASP. Ello, para fusionar la Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público y la Comisión de Relaciones del Trabajo del Servicio Público. *Colón Rivera et al. v. ELA,* 189 DPR 1033, 1051 (2013). La CASP "*es un organismo cuasijudicial en la Rama Ejecutiva, que se especializa en asuntos obrero patronales y del principio de mérito*". *Íd.*

En cuanto a la jurisdicción debemos recordar que esta es la autoridad que posee un tribunal o un foro administrativo para considerar y adjudicar determinada controversia o asunto. *Pérez López v. CFSE,* 189 DPR 877, 882 (2013). La falta de jurisdicción trae consigo las consecuencias siguientes:

(a) no es susceptible de ser subsanada;
(b) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede este arrogársela;
(c) conlleva la nulidad de los dictámenes emitidos;
(d) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción;
(e) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y
(f) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855 (2009).

Respecto a las facultades de la CASP, el Artículo 8 del Plan de Reorganización le concede jurisdicción para:

[...]

j) conceder indemnizaciones por daños y perjuicios e imponer multas administrativas **en todo tipo de discrimen** que sea probado por los empleados que acuden ante este foro, sin menoscabo de los derechos de los servidores públicos de recurrir al foro judicial para el reclamo de daños y perjuicios cuando no lo reclamen ante la Comisión. (Énfasis suplido). 3A LPRA Ap. XIII, Artículo 8.

Cónsono con lo anterior, el Reglamento Núm. 7200 de 15 de agosto de 2006, conocido como el *Reglamento para atender apelaciones de discrimen con solicitud de daños y perjuicios ante la Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público* (en adelante, "Reglamento Núm. 7200"), dispone en su Artículo II, sec. 2.2, que:

> [c]uando un apelante solicite un remedio a la Comisión alegando la existencia de cualquier tipo de discrimen la petición deberá **detallar de forma clara los hechos específicos que dan margen a su alegación**, sometiendo copia de todos los documentos disponibles para sostener sus alegaciones. **La Comisión sólo asumirá jurisdicción sobre la controversia cuando del escrito de apelación surjan alegaciones específicas que establezcan de su faz la existencia de la actuación discriminatoria**. (Énfasis suplido).

Asimismo, el *Reglamento Procesal* de la CASP, Reglamento Núm. 7313 de 7 de marzo de 2007 (Reglamento Núm. 7313), dispone en su Art. II, sec. 2.1(a)(viii), que, en las reclamaciones por discrimen, la parte apelante deberá "[e]xpresar detalladamente en el escrito original los hechos específicos en que basa su alegación, los cuales tienen que establecer de su faz la existencia de actuación discriminatoria".

Finalmente, debemos destacar que la Ley Núm. 115-1991, conocida como *Ley contra el Despido Injusto o Represalias a todo Empleado por Ofrecer Testimonio ante un Foro Legislativo, Administrativo o Judicial,* según enmendada, dispone que:

> [...]
>
> (b) Cualquier persona que alegue una violación a esta ley **podrá instar una acción civil** en contra del patrono dentro de tres (3) años de la fecha en que ocurrió dicha violación y solicitar se le compense por los daños reales sufridos, las angustias mentales, la restitución en el empleo, los salarios dejados de devengar, beneficios y honorarios de abogado. [...]. 29 LPRA sec. 194b. (Énfasis suplido).

**-C-**

El Artículo 7.06 del *Código de Administración de Asuntos de Personal del Municipio de San Juan* regula lo relacionado a la clasificación de puestos en el Municipio.

La Sección 6.6 del precitado Artículo establece las circunstancias en las cuales un empleado podrá solicitar la reclasificación de su puesto y el procedimiento a seguir. Particularmente, dispone que se justificará reclasificar un puesto en las siguientes situaciones:

1. **Clasificación Original Errónea**
   En esta situación no existe cambio significativo en las funciones del puesto, pero se obtiene información adicional que permite corregir una apreciación inicial equivocada sobre la clasificación correcta del puesto.

2. **Modificación a los Planes de Clasificación**
   En esta situación no existen necesariamente cambios significativos en las descripciones de los puestos, pero en el proceso de mantener al día los planes de clasificación mediante la creación, eliminación, consolidación, segregación, o alteración de clases de puestos, surge la necesidad de cambiar la clasificación de algunos puestos.

3. **Cambio Sustancial en Deberes, Responsabilidades o Autoridad**
   Es un cambio deliberado y sustancial en la naturaleza y complejidad de las funciones del puesto, que lo hace subir o bajar de jerarquía o lo ubica en una clase distinta al mismo nivel de jerarquía.

4. **Evolución del Puesto**
   Es el cambio paulatino que tiene lugar con el transcurso del tiempo el que conlleva un aumento en los deberes, autoridad y responsabilidades del puesto que ocasiona una transformación del puesto original.

Además, precipita que el empleado que considere que el puesto que ocupa está clasificado erróneamente o ha sufrido un cambio sustancial en sus funciones podrá solicitar un estudio de clasificación al Director de Recursos Humanos, canalizado a través de su supervisor inmediato o del director de su departamento u oficina. El Director de Recursos Humanos tendrá un término de

treinta (30) días laborables para realizar el correspondiente estudio de clasificación y notificarle al empleado. La notificación deberá advertir sobre el derecho que le asiste al empleado de apelar ante la Junta de Apelaciones del Sistema de Administración de Personal dentro de los treinta (30) días a partir de la notificación.

**III.**

En este caso, el señor Martínez Cruz nos solicita la revisión de la *Resolución* emitida por la CASP el 20 de febrero de 2024. En síntesis, argumenta que contrario a lo que resolvió la CASP, el recurrente cumplió con el procedimiento para solicitar la reclasificación. Además, señala que el foro recurrido se equivocó al determinar que el señor Martínez Cruz no solicitó el diferencial por haber realizado funciones atribuibles a un Gerente de Centro Urbano. A su vez, sostiene que erró la CASP al concluir que el recurrente no fue víctima de represalias o discrimen en el empleo. Por último, cuestiona la determinación de la CASP sobre el incumplimiento del recurrente con los requisitos mínimos para el puesto de Gerente de Centro Urbano.

En cambio, el Municipio plantea que el señor Martínez Cruz incumplió con el procedimiento para solicitar la reclasificación. A su vez, sostiene que el segundo error no fue discutido por el recurrente en su recurso de *Revisión Judicial Administrativa* y, por ende, no debemos considerarlo. Además, arguye que la CASP carecía de jurisdicción para atender las alegaciones de represalias al amparo de la Ley 115-1991, *supra.* Finalmente, señala que el puesto de Gerente de Centro Urbano requiere como preparación académica mínima un bachillerato de una universidad acreditada y que el recurrente posee un grado de escolaridad de cuarto año de escuela superior.

Previo a discutir los señalamientos de error, debemos dilucidar si la CASP tenía jurisdicción sobre el reclamo de discrimen por represalias.

El Artículo 8 del Plan de Reorganización le concede a la CASP la facultad de *conceder indemnizaciones por daños y perjuicios e imponer multas administrativas **en todo tipo de discrimen** que sea probado por los empleados que acuden ante este foro.* Cónsono con lo anterior, el Artículo II Sección 2.2 del Reglamento Núm. 7200 dispone que, la CASP **solo asumirá jurisdicción** sobre las acciones de discrimen cuando del escrito de apelación surjan **alegaciones específicas que establezcan de su faz la existencia de la actuación discriminatoria**. (Énfasis suplido).

Ahora bien, el señor Martínez Cruz especificó mediante su escrito de apelación los sucesos los cuales consideró que constituyeron acciones discriminatorias en su contra. Entre las alegadas acciones discriminatorias, el recurrente expuso que fue ordenado a registrar su asistencia cuatro (4) veces al día, acto presuntamente contrario a los reglamentos laborales vigentes y al uso y costumbre del Municipio. Por otro lado, señaló que el señor José J. Alejandro Estrella le notificó que, de ese momento en adelante, el recurrente ya no podría determinar el horario de trabajo durante los días feriados. Además, alegó que fue discriminado al no haber recibido respuesta sobre su solicitud de reclasificación.

Surge del escrito de apelación que el recurrente cumplió con el requisito de especificidad necesario para que la CASP asumiera jurisdicción sobre la causa de acción por discrimen, contrario a lo que plantea el recurrido. Le competía al foro administrativo asumir jurisdicción y determinar si las acciones detalladas por el señor Martínez Cruz fueron discriminatorias.

Por otro lado, respecto a la jurisdicción sobre las reclamaciones al amparo de la Ley 115-1991, *supra,* el estatuto

establece que los empleados que hayan sufrido represalias en su empleo, luego de haber provisto información o participado en procedimientos ante ciertos foros, podrán instar una **acción civil**. (Énfasis suplido). La Ley excluye de su jurisdicción a los foros administrativos al expresar que las reclamaciones sobre represalias deberán dilucidarse mediante una acción civil ante el Tribunal de Primera Instancia. Resulta forzoso colegir que la CASP erró al asumir jurisdicción sobre la acción de represalias presentada al amparo de la Ley 115-1991, *supra*.

Mediante su primer señalamiento de error, el señor Martínez Cruz alega que erró la CASP al concluir que no siguió el procedimiento adecuado para solicitar la reclasificación. Adelantamos que el foro recurrido no cometió el error señalado. Veamos.

El *Código de Administración de Asuntos de Personal del Municipio* dispone que la reclasificación deberá ser solicitada a la Directora de Recursos Humanos, canalizada a través de su supervisor inmediato o del director de su departamento u oficina. Aun más, la Directora de Recursos Humanos le cursó una misiva al recurrente mediante la cual le instruyó sobre el procedimiento para solicitar la reclasificación. Además, le indicó que toda solicitud de esa índole debía ser canalizada a través de la Oficina de Personal del departamento del recurrente. El señor Martínez Cruz ignoró las instrucciones impartidas por la Directora de Recursos Humanos y acudió ante la Autoridad Nominadora, la entonces alcaldesa del Municipio, y le solicitó la reclasificación de su puesto.

En aras de que el recurrente no solicitó la reclasificación, conforme dispone el *Código de Administración de Asuntos de Personal del Municipio* y según las directrices impartidas, el recurso de apelación fue presentado de manera prematura ante la CASP.

Sobre el segundo señalamiento de error, el recurrente alega que incidió el foro recurrido al determinar que el diferencial no fue reclamado en su escrito de apelación. Al examinar la apelación, constatamos que el señor Martínez Cruz solicitó los siguientes remedios:

37. Que se me reclasifique a Gerente de Centro Urbano Numero 7311 y que se me lleve a la escala máxima del sueldo para esa posición.
38. Que se me pague doble el retroactivo como dispone la Ley.
39. Una compensación económica de UN MILLÓN DE D[Ó]LARES $1,000,000.00[.]

Basta con una lectura de la apelación para concluir que el recurrente, en efecto, no solicitó el diferencial y, por ende, la CASP no cometió el error señalado.

Mediante el tercer señalamiento de error, el recurrente aduce que el foro recurrido erró al determinar que no fue víctima de discrimen por represalias en el empleo. Según determinamos anteriormente, la CASP no posee jurisdicción para atender controversias presentadas al amparo de la Ley 115-1991, *supra.*

El recurrente únicamente señaló ante esta Curia como trato discriminatorio la inacción de los funcionarios ante sus solicitudes de reclasificación. No le asiste la razón. Ya resolvimos que la reclasificación no fue atendida porque el recurrente no la solicitó adecuadamente.

Por último, el señor Martínez Cruz pretende argumentar que la CASP incidió al determinar que este no cumplía con los requisitos mínimos para ocupar el puesto de Gerente de Centro Urbano. Tampoco le asiste la razón.

No está en controversia que el puesto de Gerente de Centro Urbano requiere como preparación académica mínima un bachillerato de una universidad acreditada. De igual manera, quedó establecido que el señor Martínez Cruz posee un grado de escolaridad de cuarto año de escuela superior. Por tanto, el

recurrente no cumple con los requisitos mínimos del puesto al que pretende ser reclasificado. La CASP no cometió el cuarto error señalado.

**IV.**

Por los fundamentos antes expuestos, se *Modifica* la *Resolución* recurrida, a los únicos fines de aclarar que, de conformidad con la Ley 115-1991, el TPI es el foro con jurisdicción exclusiva para resolver cualquier controversia que surja al amparo del referido estatuto y, así modificada se *Confirma.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones